IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD VILLAR,**

    **Petitioner,**

v.                                                         **Civil Action No. 1:18cv107**
                                                                  **(Judge Kleeh)**

**JENNIFERE SAAB [sic][1] and**
**JEFFERSON B. SESSIONS,**
United States Attorney General,

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On May 7, 2018, the *pro se* Petitioner, Richard Villar ("Villar") an inmate then-incarcerated at FCI Gilmer in Glenville, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, seeking immediate release from custody. ECF No. 1.

Along with his petition, Patterson filed a 32-page typewritten memorandum in support; a Motion for Leave to Proceed *in forma pauperis*; and a copy of his Prisoner Trust Fund Account Report. ECF Nos. 1-1, 2, 3.  By separate Orders entered May 9, 2018, Petitioner was granted leave to proceed as a pauper but was directed to pay the $5.00 filing fee; and his memorandum in support was stricken from the record for its failure to comply with the Local Rules of Prisoner Litigation Procedure ("LR PL P"); he was directed to refile it in compliance with the LR PL P.  ECF Nos. 5, 6. On May 21, 2018, Petitioner filed a motion to exceed the page limits, attaching a proposed memorandum in support. ECF 10. Petitioner paid the requisite fee on May 29, 2018. ECF No. 11. By Order entered May 30, 2018, Petitioner's motion to exceed the page limit was granted and the memorandum in support was docketed separately. ECF Nos. 12, 13. By Miscellaneous Case Order

---

[1] The Clerk of Court will be directed to correct the misspelling of Respondent's name on the docket.

entered November 30, 2018, this case was reassigned from Senior United States District Judge Irene Keeley to United States District Judge Thomas S. Kleeh. ECF No. 15.

This matter is now pending before the undersigned for review, Report and Recommendation.

## II. Factual and Procedural History

### A. Conviction and Sentence[2]

On August 24, 2007, in the United States District Court for the District of New Hampshire, after a 4-day jury trial, Petitioner was convicted on Count One, Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. 18 §§ 372 and 2113(a), and Count Two, Bank Robbery, a violation of 18 U.S.C. 18 § 2113(a). ECF No. 92.

At a January 22, 2008 sentencing hearing, Petitioner was found to be a Career Offender with a guideline range of 210 to 262 months; however, the Court departed horizontally one level to a guideline range of 188 to 232 months, and sentenced Villar to 60 months on Count One and 188 months on Count Two, to be served concurrently, followed by three years supervised release, and the payment of $15,929.00 in restitution. ECF No. 120; see also ECF No. 144.

Petitioner timely appealed. On appeal, Villar challenged his bank robbery conviction, arguing that the district court erred when it ruled that Fed.R.Evid. 606(b) precluded taking juror testimony regarding ethnically biased comments during deliberations, thus denying Villar's Fifth and Sixth Amendment rights to due process and an impartial jury. Villar also challenged his sentence,

---

[2] This information is taken from Petitioner's criminal docket in the United States District Court for the District of New Hampshire, No. 1:06cr85-PB-1, available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

arguing that the district court incorrectly applied a four-level enhancement under U.S.S.G. 2B3.1(b)(2)(D). On November 10, 2009, the First Circuit Court of Appeals reversed and reversed the trial court's order denying Villar's motion to make an inquiry into the validity of the verdict, remanding that claim for further proceedings, and affirmed the sentence imposed by the district court. United States v. Villar, 586 F.3d 76 (1st Cir. 2009). On remand, after briefing of the issue, a June 21, 2010 evidentiary hearing, and the denial of the motion again, Petitioner filed a second appeal. ECF No. 169. On March 17, 2011, by unpublished *per curiam* opinion, the First Circuit affirmed the district court's ruling. United States v. Villar, 411 Fed. Appx. 342 (1st Cir. 2011). The United States Supreme Court denied Villar's petition for writ of *certiorari* on April 25, 2011. Villar v. United States, 563 U.S. 967 (2011).

On December 27, 2011, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that the district court lacked jurisdiction over his criminal case because the credit union robbed was not federally insured by the National Credit Union Administration Board and therefore, he was innocent of the federal crime charged; that counsel was ineffective for failing to discover this; that government counsel committed fraud on the court and had knowingly suborned the perjury of the bank teller when she testified to the contrary; that counsel was ineffective in failing to oppose the admission of evidence of his flight to Florida and his use of a false identification; that he was actually innocent of 18 U.S.C. § 371; and that Count One of his indictment was impermissibly duplicitous. See D.N.H., Case No. 1:11cv 592-PB, ECF No. 1. By Order entered January 20, 2012, the Motion to Vacate was denied. Id., ECF No. 5. Villar appealed. By judgment entered on December 20, 2012, the First Circuit Court of Appeals denied a certificate of appealability and terminated the appeal. Id., ECF No. 17.

On August 23, 2012, Villar filed a motion for authorization of a second or successive Motion to Vacate pursuant to 28 U.S.C. § 2255 in the sentencing court. ECF No. 202. By Order entered August 30, 2012, the motion was denied for lack of jurisdiction.

On December 3, 2013, Villar filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. See DNH Case 1:13cv518, ECF No. 1. By Order entered December 9, 2013, the motion was denied without prejudice for lack of jurisdiction as a second or successive § 2255 motion, filed without authorization. Id., ECF 3.

On July 7, 2014, the First Circuit Court of Appeals denied Villar's application for leave to file a second or successive Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 209.

On June 14, 2016, Villar filed an application to file a second or successive § 2255 motion. See Villar v. United States, No. 16-1768 (1st Cir. 2016). On June 23, 2016, Villar filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that under Johnson v. United States, 135 S. Ct. 2551 (2015), his convictions were no longer crimes of violence. See D.N.H. Case No. 1:16cv272, ECF No. 1. Counsel was appointed and the proceedings stayed until the First Circuit ruled on Villar's application to file a second or successive § 2255 motion. On April 10, 2017, through counsel, Villar moved to voluntarily dismiss his motion to vacate and the motion to stay. D.N.H. Case No. 1:16cv272, ECF No. 9. The case was terminated the same day. On September 14, 2017, the First Circuit Court of Appeals entered a judgment denying Villar's motion for leave to file a second or successive § 2255 motion raising Johnson. D.N.H. Case No. 1:16cv272, ECF No. 10.

On April 26, 2018, Villar filed a Motion for Relief Under Rule 60 for Fraud on the Court [or] Alternatively, for a Resolution to Prevent a Miscarriage of Justice, alleging newly discovered evidence of a fraud on the court by trial counsel. ECF No. 262. By Order entered April 27, 2018, the motion was denied for lack of jurisdiction, as a "repackaged" second or successive Motion to

Vacate pursuant to 28 U.S.C. § 2255.  On May 14, 2018, Villar filed a Motion for Reconsideration of Entry of Dismissal Under Rule 59(e) [ECF No. 263]; it was denied by Order entered May 15, 2018. Villar appealed. ECF No. 264.  On December 14, 2018, the First Circuit Court of Appeals entered a judgment, denying Villar's motion for leave to file a second or successive petition under 28 U.S.C. § 2255. ECF No. 274.

B. <u>The Petition</u>

Villar's petition raises four claims, arguing that 1) there has been a "substantive change in law" such that the New Hampshire suspended sentence statute is now ambiguous, pursuant to <u>State v. Danseraeau</u>, 956 A.2d 310 (2008);  2) the failure of former trial counsel and "other unknown officers of the court" to serve written notice upon him of the change in statute that would have given him relief under the "Career Criminal Act [sic]" violated his equal protection rights under the Fifth and Fourteenth Amendments; 3) his 2001 state conviction cannot qualify as predicate conviction for career offender enhancement; and 4) the Bureau of Prisons ("BOP") failed to provide him access to the courts, because it does not provide access to state case law to federal inmates. ECF No. 1 at 5 – 6; <u>see</u> <u>also</u> ECF No. 13 at 3 – 8.

Villar's petition seeks unspecified relief; however, his memorandum in support seeks an Order directing his immediate release.  ECF No. 1 at 8; <u>see</u> <u>also</u> ECF No. 13 at 1.

### III.  <u>Analysis</u>

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies.  Therefore, a case becomes moot when there is no viable legal issue left to resolve.  <u>See</u> <u>Powell v. McCormick</u>, 395 U.S. 486, 496 (1969).  If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot.  <u>Blanciak v. Allegheny Ludlum Co.</u>, 77 F.3d 690, 698-699 (3rd Cir. 1996).

Villar's memorandum in support of his petition seeks immediate release from custody. ECF No. 13 at 1. A review of the BOP's online Inmate Locator that Petitioner has already been released from prison on July 22, 2020. Although the Petitioner has not notified the Court of a change of address,[3] the BOP's website establishes that he was released.

Accordingly, because Petitioner has already been released from prison, he has already obtained the relief that he sought, and this case is now moot.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the § 2241 petition [ECF No. 1] be **DISMISSED as moot**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, Petitioner may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474

---

[3] A review of Villar's criminal docket reveals that jurisdiction over his supervised release has been transferred to the Middle District of Florida. See D.N.H. 1:06cr85-PB-1, ECF Nos. 280, 281.

U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to correct the misspelling of Respondent's name on the docket from "Jennifere Saab" to "Jennifer Saad."

The Clerk is further directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: April 20, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE